IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID EARL GOSS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-1845 |
| ) | Judge Arthur J. Schwab |
| SGT. CHRIS LOW ANSE; C/O LARRY ) | Magistrate Judge Amy Reynolds Hay |
| BURAK, ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended that defendants' motion for summary judgment (Docket # 9) be granted.

II. REPORT

Plaintiff, David Earl Goss, Sr., filed this civil rights case on December 3, 2004, asserting that excessive force was used against him by defendants on September 11, 2004, while Goss was incarcerated at the Westmoreland County Prison. Defendants have filed a motion for summary judgment asserting that the Prison has a written grievance procedure, that it was made available to plaintiff, and that plaintiff failed to file a grievance concerning this incident (Docket #9). Plaintiff was directed to the respond to the motion on or before July 15, 2005 (Docket #13) but failed to comply with that order. On September 26, 2005, the court entered a second order directing plaintiff to show cause on or before October 6, 2005, why the motion should not be decided without his response, or the case be dismissed for failure to prosecute. Plaintiff has not

responded to this order, either. The court will, as it warned plaintiff it would, address the motion for summary judgment without benefit of his response thereto.

  A. **Legal Standard.**

  Pursuant to Fed. Rule Civ. Proc. 56(c), summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) (party can move for summary judgment by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case."). The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth ". . . specific facts showing that there is a genuine issue for trial . . ." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)(quoting Fed.R.Civ.P. 56(e)). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

  The plaintiff seeks to assert liability against the defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: (1) that the alleged misconduct was committed by a person acting

under color of state law; and (2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

**B.     Analysis.**

Defendants have filed an affidavit from the Warden of the Westmoreland County Jail attesting that a grievance procedure exists, and that plaintiff did not file a grievance concerning the September 11, 2004 incident. Attached to the affidavit is a copy of the Westmoreland County Prison Inmate Handbook which contains the grievance procedure. Clearly, the Warden is competent to testify concerning the existence of a grievance procedure, its availability to plaintiff, and the existence or not of a grievance in this instance. Plaintiff has failed to respond to the Warden's affidavit, and, accordingly, the court will accept as true the facts contained in the affidavit.

Congress has provided a mandatory exhaustion requirement in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996):

> (a)     Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

See 42 U.S.C.A. § 1997e(a) (emphasis added). Before filing a civil action, a plaintiff-inmate must exhaust his administrative remedies, and this is true even if the ultimate relief sought is not available through the administrative process. See Booth v. Churner, 206 F.3d 289, 300 (3d

Cir.2000), aff'd, 121 S.Ct. 1819 (2001).  There is no "futility" exception to the administrative exhaustion requirement.  Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002)(citing Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000).  Further, the Court of Appeals for the Third Circuit has recently reaffirmed the vigor with which the exhaustion requirement §1997e(a) must be applied.  It is not enough for a prisoner to establish "there is no further process available to the inmate within the grievance system (which would happen if, say, an inmate fails to file an administrative appeal)...."  Spruill v. Gillis, 372 F.3d 218, 227-28 (3d Cir.2004).  Rather, the Spruill court made plain that §1997e(a) requires that an inmate "avail[ ] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)."  Id.  In short, "it is beyond the power of this court--or any other--to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."  Nyhuis, supra, 204 F.3d at 73 (quotation omitted).

       Here, then, the defendants have presented uncontradicted evidence that plaintiff failed to avail himself of the Prison's grievance procedure.  Plaintiff has passed on two opportunities to contest this evidence, and the court assumes that he has done so because he cannot contest it.  Accordingly, the motion for summary judgment should be granted on the basis that plaintiff failed to exhaust administrative remedies, depriving this court of subject matter jurisdiction to address his §1983 claim.

III.    CONCLUSION

        Wherefore, on the basis of the foregoing, it is respectfully recommended that defendants' motion for summary judgment (Docket # 9) be granted.

        In accordance with the Magistrate's Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

        By the Court,

/s/   Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge


Dated:    12 December, 2005

cc:    Hon. Arthur J. Schwab
       United States District Judge

       David Earl Goss, Sr.
       536 Raymer Street
       Greensburg, PA 15601

       John K. Greiner, Esq.
       BELDEN, BELDEN, PERSIN & JOHNSTON
       117 North Main Street
       Belden Building
       Greensburg, PA 15601